UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES A. KOORSEN, JR. )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DARIN DOLEHANTY, )<br>)<br>Defendants. ) | 1:10-cv-151-WTL-DML |

### Entry and Order Directing Dismissal of Action

For the reasons explained in this Entry, the amended complaint of James A. Koorsen, Jr. ("Koorsen") fails to state a claim upon which relief can be granted and the action is therefore **dismissed**.

### I.

Koorsen filed this action on February 4, 2010, and based upon the original complaint and several additional written statements filed by him, Koorsen was given an opportunity to file an amended complaint in compliance with the *Federal Rules of Civil Procedure*. The court has considered the amended complaint filed on March 11, 2010 (dkt 11).

### A.

Theresa Koorsen has not signed the amended complaint (and had not signed the original complaint). The amended complaint asserts no claim by Theresa Koorsen and seeks no relief in that pleading. Recognizing that "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *778 v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), Theresa Koorsen's name in the "plaintiff" portion of the caption of the amended complaint is effective to make her a party to this action. *See United States ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)(a "party" is "[o]ne by or against whom a lawsuit is brought")(citing Black's Law Dictionary 1154 (8th ed. 2004).

Consistent with the foregoing, Theresa Koorsen is **terminated as a party.**

### B.

Another feature of the amended complaint warrants brief comment. The amended complaint identifies and asserts claims against a single defendant–Wayne County Judge Darin Dolehanty. It is a "'well established principle that an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" *Manning v. Ashland Oil Co.*, 721 F.2d 192, 197 (7th Cir. 1983) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). This rule applies to pro se litigants as well as to others. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)(an amended complaint supersedes and "wipes away" all prior complaints). Accordingly, the amended complaint supersedes the original complaint. This accounts for the clerk's termination of individuals identified as defendants in the original complaint but not continued as defendants in the amended complaint.

### II.

### A.

Koorsen previously sought leave to proceed *in forma pauperis*. That request was granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition,"a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

### B.

According to his amended complaint, Koorsen is the defendant in a criminal prosecution pending in Wayne County, Indiana.[1] Judge Dolehanty is assigned to that case and has held hearings and made rulings in it. Koorsen finds those proceedings objectionable, offering his view that Judge Dolehanty has made erroneous rulings and is biased against him–although he also states that every judge in Wayne County "do[es] the same thing." Koorsen seeks through this case an order ending the prosecution in the state court and requiring an investigation.

---

[1] Koorsen was directed include as an exhibit to any amended complaint "a copy of the chronological case of any related matter still pending in an Indiana state court, including the criminal prosecution(s) referred to in the papers already filed." He did not comply with these directions, but the amended complaint can be adequately assessed as presented.

Judges are entitled to absolute immunity from the actions (judicial rulings) attributed to them. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12. In this case, the amended complaint relates decisions made by the judicial defendant during the course of the criminal prosecution; this challenged conduct was taken in the judge's official capacity and while exercising the jurisdiction of his office. Judicial immunity applies regardless of whether the judge is accused of acting maliciously or corruptly, as long as it was within his jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 554 (1967).

In addition to being barred by the defendant's absolute immunity from suit based on the conduct attributed to him, Koorsen's amended complaint seeks relief which is not available in the circumstances.

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971). *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996). It is self-evident that the state court proceedings implicate important state interests and it is similarly evident that the courts of Indiana constitute competent and constitutionally adequate forums in which to litigate important questions such as the plaintiff has described. The Seventh Circuit has refused to presume that the Indiana courts will not faithfully discharge the obligation to protect parties' federal rights, *Lumen Construction, Inc. v. Brant Construction Co., Inc.,* 780 F.2d 691, 697 (7th Cir. 1985), nor will such an assumption be indulged here.

As to Koorsen's request for an investigation/prosecution, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis. 1986); *see also United States v. Nixon,* 418 U.S. 683, 693 (1974)("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell,* 99 F.App'x. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). And "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Koorsen must look elsewhere for an investigation/prosecution.

**III.**

For the reasons explained above, the amended complaint shows that Koorsen is not entitled to relief. The action will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Judgment dismissing the action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 03/25/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana