**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JAMES A. KOORSEN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-151-WTL-DML |
| | ) | |
| DARIN DOLEHANTY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Notice**

This civil rights action was dismissed in a Judgment entered on the clerk's docket on March 26, 2010. The reason for this disposition was based on the court's determination that the complaint failed to state a claim upon which relief could be granted. The dismissal of the action was thus required by 28 U.S.C. § 1915(e)(2)(B).

Five days after the entry of judgment, the plaintiff filed a document purporting to set forth claims against Richmond Police Officer Brandon Cappa based on misconduct alleged to have occurred at the plaintiff's residence on December 16, 2009.

There has been no relief sought or granted from the final judgment in this case. The additional statement filed on March 30, 2010, therefore, is of **no effect.** *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."); *First Nat'l Bank v. Continental Ill. Nat'l Bank & Trust Co.,* 933 F.2d 466, 468 (7th Cir. 1991) ("Since First National wanted the judgment altered [to amend complaint], it had to persuade the judge to reopen the case--had therefore to file a postjudgment motion under Fed.R.Civ.P. 59(e) or 60(b)."). Even in the absence of this procedural barrier, moreover, the post-judgment statement filed by the plaintiff could be of no effect here. The reasons are that, first, Officer Cappa was abandoned as a defendant through the filing of an amended complaint naming Judge Dolehanty as the sole defendant, and, second, the relief sought by the plaintiff in his post-judgment statement could not be granted in this action because for many years it has been understood that private citizens lack standing to compel enforcement of the criminal law. *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973);

*Leeke v. Timmerman,* 454 U.S. 83 (1981); *Allen v. Wright,* 468 U.S. 737 (1984); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

**IT IS SO ORDERED.**

Date: 04/09/2010

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

James A. Koorsen, Jr.
1400 South 14th Street
Richmond, IN 47374